PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 26 2007

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: WHALEN KALAE WONG        Case Number: CR 00-00377SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 9/20/2001

Original Offense:   Conspiracy to Possess 5 Grams or More of Methamphetamine
                    and Cocaine With Intent to Distribute, in violation of 21 U.S.C.
                    § 841(a)(1), a Class B felony

Original Sentence:  Forty-one (41) months imprisonment to be followed by a
                    five (5) year term of supervised release with the following special
                    conditions: 1) That the defendant is prohibited from possessing any
                    illegal or dangerous weapons; and 2) That the defendant shall
                    provide the Probation office access to any requested financial
                    information.

Type of Supervision: Supervised Release    Date Supervision Commenced: 8/22/2002

### PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

   **General Condition:**     *That the defendant shall refrain from any unlawful use
                              of a controlled substance. The defendant shall submit
                              to one drug test within 15 days of the commencement
                              of supervision and at least two drug tests thereafter but
                              no more than 8 valid drug tests per month during the
                              term of supervision (mandatory condition).*

   **Special Condition
   No. 3:**                   *That the defendant serve 2 months of home detention
                              with electronic monitoring as arranged by the Probation
                              Office. During this time, the defendant shall remain at*

Prob 12B  
(7/93)

<div style="text-align: right">2</div>

his place of residence during nonworking hours and shall not leave his residence without the prior approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant will also be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**Special Condition No. 4:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any merchandise that is specifically designed for use in cockfighting activities, including but not limited to the following: gaffs, blades, leashes, gaff-covers, blade-covers, sheaths, and lashes.*

**Special Condition No. 5:** *That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any live game fowl.*

**Special Condition No. 6:** *That the defendant is prohibited from participating in any form of cockfighting and/or gambling; being in the presence of any cockfighting or gambling; frequenting any business, residence or area where any cockfighting and/or gambling activities have occurred or are presently occurring; and associating with any persons engaged in cockfighting and/or gambling, without the prior permission of the Probation Office.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | On 3/19/2007 the subject associated with individuals involved in criminal activity, in violation of Standard Condition No. 9. |

On 3/23/2007, a police officer with the Hawaii County Police Department contacted the Probation Office and reported that the subject was observed at an illegal cockfight on 3/18/2007. Officers noted that because the subject was not observed handling any fighting roosters, the subject was not arrested.

On 4/17/2007, while conducting a home inspection at the subject's residence, this officer questioned the subject about his presence at a cockfight on 3/18/2007. The subject admitted that on 3/18/2007, he attended a cockfight. The subject denied being directly involved in fighting any roosters or in gambling, but acknowledged that he was aware he was committing a violation of his supervised release by being present at the cockfight.

Additionally, while at the subject's residence on 4/17/2007, this officer observed approximately 10 - 15 roosters in the subject's yard. It is noted that these roosters were not present when this officer conducted a home inspection on 3/13/2007. Upon being questioned, the subject reported that 2 of the roosters were his children's pets, but admitted that the majority were cockfighting roosters. The subject was instructed to remove all roosters from his property by 5/1/2007.

As a sanction for the subject's misconduct, the subject will be required to serve 2 months of home confinement on an electronic monitor. Furthermore, the addition of special conditions prohibiting the subject from being involved in cockfighting activities will help to ensure that he does not return to this illegal activity. Finally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications.

Respectfully submitted by,

MARK T. NUGENT
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 4/24/2007

Prob 12B
(7/93)

4

## THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

4/25/07
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ] To extend the term of supervision for years, for a total term of years.
[X] To modify the conditions of supervision as follows:

General Condition  That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

Special Condition
No. 3  That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Special Condition
No. 4  That the defendant is prohibited from possessing, selling, buying, or otherwise engaging in the transfer of any merchandise that is specifically designed for use in cockfighting activities, including but not limited to the following: gaffs, blades, leashes, gaff-covers, blade-covers, sheaths, and lashes.

Special Condition
No. 5                That the defendant is prohibited from possessing, selling, buying,
                     or otherwise engaging in the transfer of any live game fowl.

Special Condition
No. 6                That the defendant is prohibited from participating in any form of
                     cockfighting and/or gambling; being in the presence of any
                     cockfighting or gambling; frequenting any business, residence or
                     area where any cockfighting and/or gambling activities have
                     occurred or are presently occurring; and associating with any
                     persons engaged in cockfighting and/or gambling, without the
                     prior permission of the Probation Office.


Witness: _____              Signed: _____
         BRIAN HYATT                                  WHALEN KALAE WONG
         Drug Addiction Services of Hawaii Counselor   Supervised Releasee

                           4-24-07
                           Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: Whalan Kalae Wong

Date: 4-24-07